STATE OF NORTH CAROLINA       F I L E  IN THE GENERAL COURT OF JUSTICE
                                                SUPERIOR COURT DIVISION
FORSYTH COUNTY                2011 NOV 17  PM 2: 21        11 CVS 7868

                              FORSYTH COUNTY C.S.C.
ALEXANDRA K. WEISHAUPT,       BY_____

        Plaintiff,

        v.                                        COMPLAINT

BOSTON COLLEGE and TRUSTEES OF
BOSTON COLLEGE,

        Defendants.

---

The plaintiff, ALEXANDRA K. WEISHAUPT, for her complaint, by and through her

attorneys, Benson, Brown & Faucher, PLLC, respectfully shows to the Court and alleges as

follows, upon information and belief:

## INTRODUCTION AND PARTIES

1.      That at all times hereinafter mentioned, the plaintiff, Alexandra K. Weishaupt,

resides at 30 South Main Street, Apt. 502, Salt Lake City, State of Utah.

2.      That at all times hereinafter mentioned, Boston College is a university located in

or near Chestnut Hill, Massachusetts 02467, which university was created for the purpose of

instruction in all the various branches of liberal arts and sciences, which university was formed

under the laws of the State of Massachusetts as a non-profit corporation.  Boston College was

established and is maintained, owned and operated by the Trustees of Boston College.  As used

hereinafter, "Boston College" refers Boston College and the Trustees of Boston College,

alternatively and collectively.

3.      That at all times hereinafter mentioned the plaintiff was a student at Boston College

as well as a member of the cheerleading squad.

1

2

4.    That at all times hereinafter mentioned Boston College was a member of the Atlantic Coast Conference and participated in a football game with Wake Forest University, in Winston-Salem, Forsyth County, North Carolina, on the 22nd day of November, 2008.

5.    That at all times hereinafter mentioned, the plaintiff, while participating as a cheerleader representing Boston College during the aforementioned football game at BB&T Stadium at Wake Forest University, sustained a permanent brain injury.

## JURISDICTION AND VENUE

6.    This Court may exercise jurisdiction over these parties as the negligence of Boston College occurred in the State of North Carolina.

7.    Venue is proper in the County of Forsyth, State of North Carolina, as plaintiff was injured in the State of North Carolina on the 22nd day of November, 2008.

## FACTUAL BACKGROUND

8.    The plaintiff was born on the 27th day of November, 1987 and had attended Boston College since September of 2005.

9.    The plaintiff became a member of the Boston College cheerleading team in her freshman year and continued thereafter until the 22nd day of November, 2008.  The plaintiff was the co-captain of the Boston College cheerleading squad in her junior and senior years.

10.    That on most occasions when the cheerleading squad traveled for football games for Boston College, the team would travel with the football team on their plane and arrive the day before the game.  However, for this particular game, Boston College made the decision to send the cheerleading squad on a rented plane along with the school band the morning of the game.

11.    That at all times hereinafter mentioned, when the cheerleading squad performed at the home football games of Boston College, the squad had present an individual who was called a

"spotter" whose job it was to make sure that none of the members of the cheerleading squad would be injured by being dropped by the squad.   However, with respect to the Boston College v Wake Forest game, for reasons best known to Boston College, no "spotter" was sent to assist and aid the cheerleading squad.

12.     That at all times hereinafter mentioned, with respect to this particular football game, two (2) male regular members of the cheerleading squad whose job it was to catch their teammates including the plaintiff herein, failed to accompany the squad to the game.   Rather, Boston College sent two (2) substitutes who lacked the experience of the regular male members of the squad with respect to the duties and responsibilities of catching their teammates such as the plaintiff herein.

13.     That at all times hereinafter mentioned, the full-time cheerleading coach for Boston College was absent from the football game with Wake Forest.   Instead, Boston College sent a substitute for the full-time coach who was in her first year as a coach.

### AS AND FOR A FIRST CAUSE OF ACTION

14.     Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "13" of this Complaint as if more fully set forth herein.

15.     On or about the 22nd day of November, 2008, the plaintiff was participating in a maneuver known as a "3-person high pyramid" and was located at the top of the pyramid.

16.     While performing this routine, the plaintiff was being held by two (2) other females who were located on the second level of the pyramid, one holding the plaintiff's feet and the other holding her under her shoulders.

17.     At some point, the plaintiff was directed to "pop off" and at that point, the two (2) female cheerleaders holding the plaintiff pushed up so that the plaintiff would be propelled up into

the air and then down to the ground.

18.     That at all times hereinafter mentioned during this particular "pop off" the plaintiff intended to turn in the air so that she would be caught by the catchers on her back.

19.     That at all times hereinafter mentioned after a fellow cheerleader called "pop off" the plaintiff turned in the air, but rather than being caught slammed directly into the turf at BB&T Stadium and in the course of hitting the ground the plaintiff's head slammed into the ground and bounced.

20.     That as a result of the plaintiff's head hitting the ground, she has sustained a serious brain injury.

21.     That Boston College, it's employees or agents, carelessly, recklessly and negligently supervised the cheerleading activities on the day of the incident. The defendant, Boston College's negligence included but was not limited to the following:

    a.     Failing to provide an adequate number of personnel to supervise the activity;

    b.     Failing to provide an adequate number of experienced cheerleading coaches to supervise the activity;

    c.     Failing to make appropriate arrangements to permit the cheerleading squad to arrive early enough for this particular away football game so that the squad was rested and warmed up so as to avoid the possibility that someone would be dropped from the top of a pyramid such as the plaintiff herein;

    d.     In failing to provide a qualified "spotter" who would normally be present when the cheerleading squad performed at football games at their home stadium;

    e.     In failing to properly instruct the members of the squad in how to properly

4

catch a teammate such as the plaintiff when this person "popped off" the pyramid;

f.   In failing to provide a qualified and competent coach to supervise the activities complained of herein;

g.   In failing to properly supervise the substitute coach who was called upon to handle the cheerleading squad on this particular day;

h.   In failing to suspend this particular maneuver from the program of the cheerleading squad given the problems which included a lack of the full-time coach and the lack of the permanent experienced members of the cheerleading squad whose job it was to catch such persons as the plaintiff herein;

i.   In failing to properly screen the substitute employees who were asked to coach this squad on a substitute basis to ensure that they had the experience and qualifications to handle a job of that magnitude;

j.   In failing to properly train the coaches including the temporary coach who was sent to accompany this squad for this particular game; and

k.   In otherwise failing to act in a reasonably prudent fashion as may be shown in discovery or at trial.

22.   That as a result of Boston College's negligence, the plaintiff has sustained permanent injuries to her brain.

23.   That at all times hereinafter mentioned, the plaintiff was hospitalized and has continuously treated with neurologist(s) and neuropsychologist(s).

24.   That the impact of the plaintiff's head against the surface of the stadium has caused serious injuries to her body and brain, which has resulted in a permanent cognitive disorder and as a result, the plaintiff will require continuing care which will impact her activities of daily living

including employment.

25.     As a result of the defendant, Boston College's negligence, the plaintiff, Alexandra K. Weishaupt has been damaged and is entitled to a judgment for same in an amount in excess of $10,000.00.

WHEREFORE, Plaintiff respectfully prays the Court as follows:

1.     That Plaintiff have and recover of Defendant compensatory damages in an amount in excess of $10,000;

2.     That Plaintiff have and recover a reasonable attorney fee as permitted by law;

3.     That Defendant be taxed with the costs of this action;

4.     That Plaintiff have and recover pre-judgment and post-judgment interest on damages as permitted by law;

5.     That there be a jury trial on all issues so triable; and

6.     For such other and further relief as to the Court may seem just and proper.

This the 17th Day of November, 2011

JAMES R. FAUCHER
N.C. State Bar No. 31514
BENSON, BROWN & FAUCHER, PLLC
Attorneys for Plaintiff
822 North Elm Street, Suite 200
Greensboro, North Carolina 27401
Phone: (336) 478-6000
Fax: (336) 273-5597
Email: jfaucher@bensonbrownfaucher.com